*United States v. Murphy*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of December, two thousand twenty.**

**PRESENT:**

> **DENNIS JACOBS,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

_____

**UNITED STATES OF AMERICA,**

> *Appellee*,

> v.                                                                              **19-900**

**DAMIEN J. LOTT,**
**SHAWN RUCKER, AKA Divine,**
**TERRANCE STINSON, AKA T-Rock,**
**NEFTALI BLISS, AKA Wise,**
**JASON PERRY,**

> *Defendants*,

**ANTHONY MURPHY,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:** ANTHONY MURPHY, *pro se*, Berlin, NH.

**FOR APPELLEE:** TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Anthony Murphy, proceeding *pro se*, appeals the district court's order denying his motion for resentencing. For the reasons stated below, we affirm the district court's order. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Murphy argues that the district court erred in ruling that he was ineligible for resentencing under the First Step Act of 2018. In 2003, Murphy was convicted by a jury of, among other crimes, conspiring to possess and distribute 50 grams or more of cocaine base, 5 kilograms or more of powder cocaine, and an indeterminant amount of marijuana. The statutory penalties for his participation in a drug conspiracy are contained in 21 U.S.C. § 841(b)(1)(A). Under the statute, the district court had the discretion to sentence Murphy to a term of imprisonment between 20 years and life. The district court, following the applicable Sentencing Guidelines recommendation, sentenced Murphy to a term of life imprisonment for his drug offense. After Murphy was sentenced, Congress enacted the Fair Sentencing Act of 2010, which increased the volume of cocaine base required to qualify for the statutory penalty under Section 841(b)(1)(A)(iii) from 50 to 280 grams. *See* Pub. L. No. 111-220, § 2(a)(i), 124 Stat. 2372, 2372. The First Step

2

Act made that increase retroactive, providing that "on motion of the defendant, . . . the court [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

The retroactive modification, however, applies only to "covered offense[s]," which the First Step Act defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." *Id.* § 404(a), 132 Stat. at 5222. The government argues that because Murphy was convicted of trafficking not only 50 grams of cocaine base, which is now insufficient to trigger the penalties under Section 841(b)(1)(A), but also five kilograms of powder cocaine, which would have triggered the same penalty range even if the Fair Sentencing Act was in effect at the time of Murphy's sentencing, Murphy is ineligible for relief under the First Step Act.

Murphy was convicted of conspiring to distribute both cocaine base and powder cocaine. The statutory penalty range for someone convicted of Murphy's offense before the Fair Sentencing Act is the same range that would apply to someone convicted of that offense after the Fair Sentencing Act. Thus, "the statutory penalties" for Murphy's criminal offense "were [not] modified by section 2 or 3 of the Fair Sentencing Act," and he is ineligible for resentencing. First Step Act, § 404(a), 132 Stat. at 5222. We confronted a similar issue in *United States v. Echeverry*, 978 F.3d 857 (2d Cir. 2020). Echeverry was convicted of conspiring to possess with intent to distribute sufficient quantities of heroin, powder cocaine, and cocaine base to subject him to statutory penalties under 21 U.S.C. § 841(b)(1)(A). *Id.* at 858. Like Murphy, Echeverry moved for a sentence reduction under the First Step Act, claiming that because he pled guilty to conspiring

to distribute cocaine base under 21 U.S.C. § 841(b)(1)(A)(iii)—the penalties for which were modified by the Fair Sentencing Act—he was eligible for resentencing. *Id.* at 859. We rejected that argument and found that Echeverry was ineligible for resentencing because he was convicted of conspiring to distribute not only cocaine base, but also powder cocaine and heroin, so the district court could not reduce his sentence below the mandatory minimum. *Id.* at 860. Because Murphy was similarly convicted of conspiring to distribute both cocaine base *and* powder cocaine, the penalties for his participation in a drug conspiracy were not modified by the Fair Sentencing Act, and he is thus ineligible for resentencing. *See* First Step Act, § 404(a), 132 Stat. at 5222.

We have considered Murphy's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4